[Cite as *State v. Edwards*, 2021-Ohio-1917.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO

     Plaintiff-Appellee

-vs-

JC SADAT TAYLOR EDWARDS

     Defendant-Appellant

JUDGES:
Hon. Craig R. Baldwin, P. J.
Hon. W. Scott Gwin, J.
Hon. John W. Wise, J.

Case No. 2020 CA 00149


O P I N I O N


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common Pleas, Case No. 2019 CR 02371B


JUDGMENT:      Affirmed in Part; Reversed in Part and Remanded


DATE OF JUDGMENT ENTRY:      June 3, 2021


APPEARANCES:

For Plaintiff-Appellee

KYLE L. STONE
PROSECUTING ATTORNEY
LON'CHERIE' D. BILLINGSLEY
ASSISTANT PROSECUTOR
110 Central Plaza South, Suite 510
Canton, Ohio 44702-1413

For Defendant-Appellant

BERNARD L. HUNT
2395 McGinty Road, NW
North Canton, Ohio 44720

*Wise, J.*

**{¶1}** Appellant J.C. Sadat Taylor Edwards appeals the judgment entered by the Stark County Court of Common Pleas convicting him of three counts of Aggravated Possession of Drugs in violation of R.C. 2925.11(A)(C)(1)(d), one count of Theft of Drugs in violation of R.C. 2913.02(A)(1)(B)(6), one count of Breaking and Entering in violation of R.C. 2911.13(A)(C), and one count Possession of Drugs in violation of R.C. 2925.11(A)(C)(2)(b). Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** On January 7, 2020, the Stark County Grand Jury indicted Appellant for Aggravated Possession of Drugs in violation of R.C. 2925.11(A)(C)(1)(D), Theft of Drugs in violation of R.C. 2913.02(A)(1)(B)(6), Breaking and Entering in violation of R.C. 2911.13(A)(C), Possession of Drugs in violation of R.C. 2925.11(A)(C)(5)(A), Aggravated Possession of Drugs in violation of R.C. 2925.11(A)(C)(1)(C), Aggravated Possession of Drugs in violation of R.C. 2925.11(A)(C)(2)(B).

**{¶3}** On January 10, 2020, Appellant entered a plea of not guilty.

**{¶4}** On August 25, 2020, Appellee filed a Motion to Amend the Indictment.

**{¶5}** On August 26, 2020, the trial court filed a Judgment Entry amending the Bill of Particulars.

**{¶6}** On August 26, 2020, a jury trial commenced.

**{¶7}** At trial the State called Officer Jacob Miller to testify. Officer Miller testified that on November 23, 2019, he responded to a call to Medicap Pharmacy on Lincoln Way in Massillon, Ohio, Stark County. Multiple alarms had been activated at the pharmacy.

Upon arriving he noticed the glass of the door had been broken, and they could hear the alarm going off. While heading to the front of the building they heard tires squealing and saw a vehicle peel out while leaving the business.

{¶8} Officer Miller followed the vehicle as it made an abrupt turn. When the vehicle came to a dead end, it stopped and Officer Miller observed three males exit the vehicle and flee on foot. Officer Miller gave chase to Appellant.

{¶9} While being chased, Appellant fell and broke his ankle. At this time Officer Miller placed Appellant in custody.

{¶10} Officer Miller then returned to the vehicle and began to search the vehicle. Inside the vehicle, Officer Miller found a pharmaceutical bottle of pills from Medicap Pharmacy, a crowbar, and multiple cell phones inside the vehicle.

{¶11} Next, the State called Officer Nathan Rosenberg to testify. Officer Rosenberg testified that as he was following Officer Miller during the foot pursuit of Appellant, Officer Rosenberg discovered a red backpack. The backpack was found less than 100 feet from where Officer Miller apprehended Appellant.

{¶12} Inside the backpack were pharmaceutical drugs, both pill and liquid, from Medicap Pharmacy. While searching the area after Appellant was apprehended, Officer Rosenberg also found a pair of gloves near where Appellant had been arrested.

{¶13} The State also called Kristine Kingsbury to testify. Kingsbury testified she is the owner of Medicap Pharmacy in Massillon, Ohio. Kingsbury testified Promethazine with codeine, clonazepam, oxycodone with acetaminophen, percocet, Endocet and Ascomp with codeine were all stolen from the pharmacy.

**{¶14}** Under cross examination Kingsbury testified the bottles recovered by police were all stolen from her store except for one, a bottle of ibuprofen. The bottle of ibuprofen was from Kroger pharmacy and had the name Allison Roach on it.

**{¶15}** Next, the State called Allison Roach to testify. Roach testified she was involved in the incident on November 23, 2019. She disclosed she agreed to testify at the trial in return for a plea to a lesser charge.

**{¶16}** Roach testified that she knew Appellant through a mutual friend. She testified the relationship was mainly for drugs, and she knew that he could get her drugs. She was addicted to opiates at the time.

**{¶17}** Roach testified that she picked Appellant and a friend, Mike, up in Columbus to drive up to Massillon to get drugs. Mike, identified as Michael Nigro, brought a red backpack with him when they left Columbus. Upon arriving in Massillon, they went to another man's, Tony's, house and waited awhile before heading to the neighborhood where the pharmacy was. Tony was identified as Anthony Scipione. Mike left the red backpack in the car when they went to pick up Tony.

**{¶18}** Roach then drove Appellant and two other men to the neighborhood where the incident took place. They all left the car and were gone three to four minutes. Upon returning one of the men told Roach to get into the passenger seat, and they hurried into the car and pealed out. Roach said the man turned down a dead-end road, put the car in park, and then all the men fled. Roach stayed in the passenger seat until arrested by officers.

{¶19}  Next, the State called criminologist Alexis Gram to testify. Gram testified the pills recovered during the arrest and investigation contained different concentrations of oxycodone.

{¶20}  The State then called Detective Shaun Dadisman to testify. Detective Dadisman testified that during the investigation he received a dump on two of the phones and was able to access Appellant's text and voice messages. On the night of the incident, Appellant texted an individual named Andy. In the text message, Appellant tells Andy he is about to hit a pharmacy. Detective Dadisman determined Appellant had planned to rob the pharmacy that evening. Detective Dadisman spoke with Appellant for an interview.

{¶21}  Detective Dadisman testified that while in jail Appellant made several jail calls. Those calls are recorded and logged under his name. The prosecution introduced the jail calls made by Appellant. Appellant objected to the introduction of these jail calls, as the custodian of the business records was not called to authenticate the records. Therefore, these calls were hearsay without an exception. The trial court overruled the objection because Detective Dadisman had spoken with Appellant during an interview and identified the voice on the jail calls as Appellant's voice.

{¶22}  Detective Dadisman testified that on the jail calls, Appellant said that they were going to break into a location. In a call to a person referred to as Rico, Appellant told Rico to get the female involved in the incident stop and not to talk. Appellant also said that there were four people involved in the incident and not three because of the female who accompanied them.

**{¶23}** Detective Dadisman also testified that when speaking to a resident near the pharmacy, the resident offered video which showed three individuals enter the pharmacy and quickly exit around the time of the break in.

**{¶24}** The State then rested its case.

**{¶25}** Appellant motioned for acquittal under Criminal Rule 29. The trial court overruled Appellant's motion. Appellant rested its case without calling a witness.

**{¶26}** On August 26, 2020, a jury found Appellant guilty of the crimes: one count of Aggravated Possession of Drugs in violation of R.C. 2925.11(A)(C)(1)(d), two counts Aggravated Possession of Drugs in violation of R.C. 2925.11(A)(C)(1)(c), one count of Theft of Drugs in violation of R.C. 2913.02(A)(1)(B)(6), one count of Breaking and Entering in violation of R.C. 2911.13(A)(C), and one count of Possession of Drugs in violation of R.C. 2925.11(A)(C)(2)(b).

**{¶27}** On September 1, 2020, the trial court held a Sentencing Hearing. At the hearing the trial court sentenced Appellant to serve an indefinite minimum prison term of seven years to a maximum prison term of ten and a half years on Count 1, Aggravated Possession of Drugs in violation of R.C. 2925.11(A)(C)(1)(d), a prison term of twelve months on Count 2, Theft of Drugs in violation of R.C. 2913.02(A)(1)(B)(6), a prison term of twelve months on Count 3, Breaking and Entering in violation of R.C. 2911.13(A)(C), an indefinite mandatory minimum prison term of two years up to a maximum of three years on Count 5 and Count 6, two counts of Aggravated Possession of Drugs in violation of R.C. 2911.11(A)(C)(1)(c), and a prison term of twelve months on Count 4, Possession of Drugs in violation of R.C. 2925.11(A)(C)(2)(b). The prison term for Count 3 is to be served consecutively to Count 1, and all other terms are to be served concurrent for an

aggregated mandatory minimum prison term of eight years up to a maximum prison term of ten and a half years.

**ASSIGNMENTS OF ERROR**

{¶28} On October 16, 2020, Appellant filed a notice of appeal. He herein raises the following three Assignments of Error:

{¶29} "I. THE TRIAL COURT COMMITED (SIC) PREDJUCIAL (SIC) ERROR WHEN IT DENIED APPELLANT'S MOTION TO MERGE THE MULTIPLE COUNTS OF AGGRAVATED POSSESSION OF DRUGS IN COUNTS ONE (SIC) FIVE AND SIX, AS ALLIED OFFENSES OF SIMILAR IMPORT, IN VIOLATION OF O.R.C. 2941.25(A).

{¶30} "II. THE TRIAL COURT ERRED IN FAILING TO SENTENCE COUNTS ONE, FIVE AND SIX CONCURRENTLY.

{¶31} "III. THE TRIAL COURT ERRED WHEN IT ADMITTED EVIDENCE WITHOUT AUTHENTICATION OR IDENTIFICATION AS A CONDITION PRECEDENT TO ADMISSABILITY (SIC), REQUIRED BY EVIDENCE RULE 901(A)."

{¶32} For the purpose of judicial economy, we will address Appellant's assignments of error out of order.

**III.**

{¶33} In Appellant's Third Assignment of Error, Appellant argues the trial court erred by admitting recorded jail calls without authentication. We disagree.

{¶34} "Ordinarily, a trial court is vested with broad discretion in determining the admissibility of evidence in any particular case, so long as such discretion is exercised in line with the rule of procedure and evidence." *Rigby v. Lake Cty*, 58 Ohio St.3d 269, 271 (1991). The appellate court must limit its review of the trial court's admission or exclusion

of evidence to whether the trial court abused its discretion. *Id*. The abuse of discretion standard is more than an error of judgment; it implies the court ruled arbitrarily, unreasonably, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983).

{¶35} Evid.R. 901 provides:

**(A) General Provision.** The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

{¶36} The threshold for authenticating evidence is low. *State v. Wiley*, 2d Dist. Darke No. 2011 CA 8, 2012-Ohio-512, ¶11. To be admissible, a tape recording must be authentic, accurate, and trustworthy. *State v. Were*, 118 Ohio St.3d 448, 2008-Ohio-2762, 890 N.E.2d 263, ¶109, citing *State v. Rogan*, 94 Ohio App.3d 140, 148, 640 N.E.2d 535, 540 (2nd Dist.1994). There are two theories upon which sound recordings may be admissible under Evid.R. 901. *State v. Maurent*, 5th Dist. Delaware No. 12 CAA 05 0055, 2013-Ohio-3799, ¶50, citing *State v. Tyler*, 4th Dist. Ross No. 10CA3183, 196 Ohio App.3d 443, 2011-Ohio-3937, 964 N.E.2d 12, ¶25-26. First, Evid.R. 901(B)(5) provides, "*Voice Identification*. Identification of a voice, whether heard firsthand or through mechanical or electrical transmission or recording, by opinion based upon hearing the voice at any time under circumstances connecting it with the alleged speaker." Second, Evid.R. 901(B)(9) provides, "*Process or system*. Evidence describing a process or system used to produce a result and showing that process or system produces an accurate result." Therefore, "a sound recording may be authenticated through evidence that demonstrates a process or system used that produces an 'accurate result.' " *Maurent* at ¶50.

**{¶37}** In *Maurent*, this Court found the trial court had sufficient foundational evidence to admit a telephone recording. At trial Detective Riehle testified he listened to original calls, created a recording of the call, and recognized defendant's voice on the jail call. *Maurent* at ¶51.

**{¶38}** In the case *sub judice*, Detective Dadisman testified he spoke with Appellant during an attempted interview and was familiar with Appellant's voice. Detective Dadisman then listened to the jail call recordings, identified Appellant's voice on the jail calls, and testified as to the content of the conversation. The jail calls were properly authenticated.

**{¶39}** Appellant's Third Assignment of Error is overruled.

**I.**

**{¶40}** In Appellant's First Assignment of Error, Appellant argued the trial court committed prejudicial error when it failed to merge counts one, five, and six as allied offenses of similar import. The State concedes this assignment of error in its brief. We agree.

**{¶41}** "The first assignment of error should be sustained and remanded to the trial court for the sole purpose of sentencing on Counts 1, 5, and 6." Brief of Appellee, December 11, 2009, page 6.

**{¶42}** R.C. 2941.25 states:

(A)    Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

**{¶43}** In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, syllabus, the Supreme Court of Ohio held:

1.      In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2841.25, courts must evaluate three separate victims or if the harm that results from each offense is separate and identifiable.

2.      Two or more offenses of dissimilar import exist within the meaning of R.C. 2841.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

3.      Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.

**{¶44}** In paragraph 26 of the opinion, the *Ruff* court stated:

At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct. The evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have similar import. When a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts. Also, a defendant's conduct that constitutes two or more offenses against a single

victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense. We therefore hold that two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable. *Id.*

**{¶45}** "[T]rafficking in a controlled substance under R.C. 2925.03(A)(2) and possession of the same substance under R.C. 2925.11(A) are allied offenses of similar import because commission of the first offense *necessarily* results in commission of the second." *State v. Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, ¶30. Even though the Ohio Supreme Court's decision in *Ruff* renders the rationale set forth in *Cabrales* obsolete, the conclusion reached by the Ohio Supreme Court in *Cabrales* survives the application of *Ruff*. *State v. Bradley*, 8th Dist. No. 102727, 2015-Ohio-5421, 55 N.E.3d 580, ¶42.

**{¶46}** In the case *sub judice*, the parties agree that the trial court erred by imposing multiple sentences on allied possession of drugs offenses and allied trafficking in drugs offenses in violation of R.C. 2941.25 and the state and federal constitutional protections against double jeopardy. The State of Ohio concedes these are allied offenses of similar import and should have been merged.

**{¶47}** Appellant's First Assignment of Error is, therefore, sustained.

**II.**

**{¶48}** In his Second Assignment of Error, Appellant claims the trial court illegally sentenced him to consecutive sentences for counts one, five, and six. Given the fact that

the matter is remanded to the trial court for resentencing, we find this assignment to be premature.

**{¶49}** Appellant's Second Assignment of Error is overruled.

**{¶50}** For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is hereby affirmed in part and reversed in part. The sentence is vacated and the matter is remanded to the trial court for rehearing on the issue of merging allied offenses of similar import.

By: Wise, J.

Baldwin, P. J., and

Gwin, J., concur.

JWW/br 0602