[Cite as *State v. Casto-Triplett*, 2024-Ohio-5670.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| MARIE CASTO-TRIPLETT, | : | Case No. 2024 CA 00006 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Fairfield County
                                  Court of Common Pleas, Case No.
                                  2023 CR 0062


JUDGMENT:                         Affirmed


DATE OF JUDGMENT:                 December 2, 2024


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

R. KYLE WITT                              CHRISTOPHER BAZELEY
Fairfield County Prosecuting Attorney     9200 Montgomery Rd., Suite 8A
                                          Cincinnati, Ohio 45242
By: BRIAN T. WALTZ
Assistant Prosecuting Attorney
239 West Main Street, Suite 101
Lancaster, Ohio 43130

*Baldwin, J.*

**{¶1}** The appellant appeals her conviction and sentence on two counts of intimidation. Appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND THE CASE

**{¶2}** The appellant was a litigant in a small claims court case assigned to Magistrate T.I. The appellant, who had a long history with the Magistrate and the Clerk's office, expressed frustration and anger towards both during the course of her case. The Magistrate and the Clerk's office were familiar with the appellant, who had previously made vague statements and threats to court personnel.

**{¶3}** On or about January 27, 2023, the appellant called the Clerk's office to express her anger at the court system, stating that the court system was stealing from her, and making veiled threats about the Magistrate, specifically stating that he had "another thing coming." On January 31, 2023, the appellant called the Clerk's office yet again, very upset. She made numerous statements to Deputy Clerk S.V., telling her that she was on the "wrong side of the government and God". The appellant further stated that S.V. was "evil for working for the government", and again accused the Clerk's office of stealing from her. The appellant then stated that "you guys need to watch your backs when you go out in that back parking lot after work because anyone can sit out there and watch for you." These statements were so substantially different from the appellant's prior veiled comments and threats, and was so concerning to S.V., that she asked a work colleague to come over and begin recording the rest of the call on her cell phone.

**{¶4}** On March 23, 2023, the appellant was indicted on two counts of Retaliation Against a Public Servant in violation of R.C. 2921.05, felonies of the third degree; and,

two counts of Intimidation of a Public Servant in violation of R.C. 2921.03, also felonies of the third degree. The appellant pleaded not guilty to the charges, and the matter was scheduled for a jury trial.

{¶5}   The trial proceeded on January 16, 2024, at which S.V. testified that she took the appellant's comments as a direct and personal threat to herself and her co-workers. S.V. also testified that this threat was noticeably different from prior threats the appellant had made and, as such, she took it much more seriously. S.V. testified that the appellant continued to make threatening statements, telling S.V. that "I'm going to burn him (Magistrate T.I.) on the streets with people." The appellant then stated 'I'm sick of you all ... we don't have to take it." She also told S.V. "Well, then I'm going to show you guys what I'm going to do then." At the end of the call, after other threatening comments, the appellant stated "So now you guys are slamming me in a corner. Now you are going to get slammed back. You remember that." As a result of the appellant's threats, the court arranged for bailiffs to ensure that court staff were able to get safely to their vehicles in the parking lot at the end of the day. S.V. testified that she perceived the appellant's statements as direct threats of harm.

{¶6}   Magistrate T.I. also testified at trial, averring that there was a difference between the threats the appellant had made previously and those made in the January, 2023 calls. He testified further that extra security was instituted as a result of the appellant's threats. Although the appellant initially objected to the admission of evidence regarding her prior threats, she ultimately withdrew the objection, stating that evidence of the prior calls were part of the defense's arguments.

{¶7}    The jury found the appellant guilty on the two Intimidation charges, and acquitted her of the Retaliation charges. A sentencing hearing took place on February 13, 2024, at which the trial court sentenced the appellant to concurrent terms of incarceration of 18 months on each charge. The trial court also imposed a two-year discretionary term of Post Release Control (PRC), stating:

>   THE COURT:    Even after completing the entire prison term which the Court has now sentenced you to, you may be placed on post release control supervision for a period of up to two years. During that time if you violate any one or more of those terms, you could be sent back to serve up to one-half of the original term of imprisonment. If you commit a new felony while on post release control, you will have to serve that sentence consecutively to any other term of imprisonment which results from violating post release control, and the Court adopts that as part of it's [sic] judgment here today.

{¶8}    In addition, on February 15, 2024, the trial court issued a Judgment Entry on Sentence in which it set forth, inter alia, that the appellant had been advised at her sentencing hearing of the possibility that upon her release from prison PRC may be imposed for a period of two years, as well as the consequences for violating the terms of PRC.

{¶9}    The appellant filed a timely notice of appeal in which she sets fort the following three assignments of error:

**{¶10}** "I. TRIPLETT'S CONVICTIONS FOR INTIMIDATION ARE AGAINST THE WEIGHT OF THE EVIDENCE AND ARE NOT SUPPORTED BY LEGALLY SUFFICIENT EVIDENCE."

**{¶11}** "II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ALLOWED THE STATE TO INTRODUCE IRRELEVANT PRIOR BAD ACTS EVIDENCE REGARDING PREVIOUS THREATS TRIPLETT ALLEDGEDLY [SIC] MADE TO THE CLERK'S STAFF."

**{¶12}** "III. THE TRIAL COURT FAILED TO PROPERLY IMPOSE PRC."

### ASSIGNMENT OF ERROR NO. I

**{¶13}** The appellant argues in her first assignment of error that her convictions on the charges of intimidation were based upon insufficient evidence and were against the manifest weight of the evidence. We disagree.

### Standard Of Review

**{¶14}** Sufficiency of the evidence was addressed by the Ohio Supreme Court in *State v. Worley,* 2021-Ohio-2207:

> The test for sufficiency of the evidence is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, *superseded by constitutional amendment on other grounds as stated in State v. Smith*, 80 Ohio St.3d 89, 102, 684 N.E.2d 668 (1997), fn. 4, and following *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). " 'Proof beyond a

reasonable doubt' is proof of such character that an ordinary person would be willing to rely and act upon it in the most important of the person's own affairs." R.C. 2901.05(E). A sufficiency-of-the-evidence challenge asks whether the evidence adduced at trial "is legally sufficient to support the jury verdict as a matter of law." *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶ 219.

*Id.* at ¶57. Thus, a review of the constitutional sufficiency of evidence to support a criminal conviction requires a court of appeals to determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

{¶15} Manifest weight of the evidence, on the other hand, addresses the evidence's effect of inducing belief. *State v. Thompkins,* 78 Ohio St.3d 380, 386–387 (1997), *superseded by constitutional amendment on other grounds as stated by State v. Smith,* 1997–Ohio–355. The Court stated:

> Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics but depends on its *effect in inducing belief.*"
>
> (Emphasis added.) Black's, *supra,* at 1594.

*Id.* at 387. The Court stated further:

When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a " 'thirteenth juror' " and disagrees with the factfinder's resolution of the conflicting testimony. *Tibbs,* 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661. See, also, *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720–721 ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").

*Id.*

{¶16} In addition, the Ohio Supreme Court has stated:

"* * * [I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts. * * *

"If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment."

*Seasons Coal Co., Inc. v. Cleveland,* 10 Ohio St.3d 77, 80, fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 603 (1984).

**Analysis**

**{¶17}** The appellant was convicted by a jury of two counts of intimidation. R.C. 2921.03 addresses intimidation, and states in pertinent part:

(A)      No person, knowingly and by force, by unlawful threat of harm to any person or property, or by filing, recording, or otherwise using a materially false or fraudulent writing with malicious purpose, in bad faith, or in a wanton or reckless manner, shall attempt to influence, intimidate, or hinder a public servant, a party official, or an attorney or witness involved in a civil action or proceeding in the discharge of the person's the duties of the public servant, party official, attorney, or witness.

**{¶18}** In order to prevail at trial on the charge of intimidation, the appellee was required to prove beyond a reasonable doubt that the appellant: 1) knowingly, 2) by unlawful threat of harm, 3) attempted, 4) to influence, intimidate or hinder, 5) the officers in the discharge of their duties. "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).

**{¶19}** This court addressed the crime of intimidation in *State v. Hamilton,* 2014-Ohio-3171 (5th Dist.). In *Hamilton,* the defendant told a Richland County Sheriff's lieutenant that "if he got any charges out of this [possessing the cellular telephone] that he was going to make my life a living hell." *Id.* at ¶37. The defendant argued that the

lieutenant's testimony was not sufficient to establish intimidation because he was not able to carry out his threat. This court stated:

> "Notably, R.C. 2921.03(A) requires only an 'attempt' to influence, intimidate, or hinder; it is not necessary to establish that the officer was actually prevented from doing a particular task." *State v. Myers,* 3rd Dist. Henry No. 7–99–05, 2000–Ohio–1677, *1. Lieutenant Young testified he took the words to be a threat. T. at 214, 247–249. Lieutenant Young's wife is a sergeant and also works at the jail. T. at 230. We find appellant's statement to be sufficient to establish a threat against Lieutenant Young and the elements of intimidation.

*Id.*

**{¶20}** In this case, the appellant knowingly made comments to and about the Magistrate and the court clerks that were threatening, stating that, among other things, "I'm going to burn him (Magistrate T.I.) on the streets with people," that "you guys need to watch your backs when you go out in that back parking lot after work because anyone can sit out there and watch for you," and that "so now you guys are slamming me in a corner. Now you are going to get slammed back. You remember that."  The witnesses further testified that they took the appellant's comments as threats, they were in fear for their safety, and that the trial court arranged for bailiffs to ensure that court personnel were able to get safely to their vehicles at the end of the day. We thus find that, after viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that the appellant committed the essential

elements of intimidation.  Furthermore, the jury's verdict on the charge of intimidation is supported by sufficient evidence, and is not against the manifest weight of the evidence.

**{¶21}** The appellant's convictions on the charges of intimidation were supported by sufficient evidence and were not against the manifest weight of the evidence. Accordingly, the appellant's first assignment of error is without merit.

### ASSIGNMENT OF ERROR NO. II

**{¶22}** The appellant argues in her second assignment of error that the trial court abused its discretion when it allowed the appellee to introduce evidence of prior threats she made to the Clerk's staff. We disagree.

### Standard Of Review

**{¶23}** The appellant withdrew her objection to admission of the above-referenced evidence during trial and, as such, we review this issue for plain error. In order to establish plain error, an appellant must show that (1) an error occurred, (2) the error was plain or obvious, (3) absent the error the outcome of the proceeding would have been otherwise, and (4) reversal is necessary to correct a manifest miscarriage of justice. *State v. Estep*, 2024-Ohio-58, ¶ 63 (4th Dist.).

**{¶24}** The decision regarding whether to admit evidence at trial is within the sound discretion of the trial court:

> "Ordinarily, a trial court is vested with broad discretion in determining the admissibility of evidence in any particular case, so long as such discretion is exercised in line with the rule of procedure and evidence." *Rigby v. Lake Cty*, 58 Ohio St.3d 269, 271 (1991). The appellate court must limit its review of the trial court's admission or exclusion of evidence to

whether the trial court abused its discretion. *Id.* The abuse of discretion standard is more than an error of judgment; it implies the court ruled arbitrarily, unreasonably, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983).

*State v. Edwards*, 2021-Ohio-1917, (5th Dist.), ¶34. In the case sub judice, evidence of the appellant's prior communications with the Clerk's office was admitted to show that her prior comments were not concerning to court staff, but that her comments of January 27 and 31, 2023, were different in tone and as such created fear in the Magistrate and Clerks – so much so that the court arranged for bailiffs to ensure that court staff were able to get safely to their vehicles in the parking lot at the end of the day. The trial court did not abuse its discretion in admitting this evidence. Furthermore, the appellant withdrew her objection to the admission of said evidence, stating that "[i]n light of the fact that as part of the defense case there were questions relating to things that the [appellant] had said in the past as well, we would withdraw that objection."

**{¶25}** Because the appellant withdrew her objection to evidence of her prior comments to the court staff, she waived any potential error regarding its admission. Moreover, the admission of said evidence did not result in a manifest miscarriage of justice, and as such does not constitute plain error. Accordingly, the appellant's second assignment of error is without merit.

### ASSIGNMENT OF ERROR NO. III

**{¶26}** The appellant argues in her third assignment of error that the trial court failed to properly impose PRC. We disagree.

**Standard Of Review**

**{¶27}** Felony sentences are reviewed under R.C. 2953.08(G). *State v. Goings*, 2014-Ohio-2322, ¶ 20 (6th Dist.). An appellate court may increase, modify, or vacate and remand a judgment only if it clearly and convincingly finds either "(a) the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant" or "(b) the sentence is otherwise contrary to law." *State v. Yeager*, 2016-Ohio-4759, ¶ 7 (6th Dist.), citing R.C. 2953.08(G)(2).

**Analysis**

**{¶28}** The Ohio Supreme Court addressed the imposition of PCR in *State v. Bates,* 2022-Ohio-475:

It is established that "a trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing." *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23, *overruled on other grounds by Harper*. The trial court must advise the offender at the sentencing hearing of the term of supervision, whether postrelease control is discretionary or mandatory, and the consequences of violating postrelease control. *See Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, at ¶ 11.

**{¶29}** The record establishes that the trial court properly advised the appellant at the sentencing hearing of the term of PRC supervision, whether her post-release control was discretionary or mandatory, and the consequences of violating post-release control, stating: "… you may be placed on post release control supervision for a period of up to

two years. During that time if you violate any one or more of those terms, you could be sent back to serve up to one-half of the original term if imprisonment. If you commit a new felony while on post release control, you will have to serve that sentence consecutively to any other term of imprisonment which results from violating post release control…." Furthermore, the trial court issued a Judgment Entry on Sentence that outlined the imposition of PRC, which included its terms and consequences for violations thereof. The trial court properly advised the appellant of PRC and, as such, her third assignment of error is without merit.

## CONCLUSION

{¶30}  Based upon the foregoing, the appellant's assignments of error numbers I, II, and III are overruled, and the judgment of the Fairfield County Court of Common Pleas is hereby affirmed.

By: Baldwin, J.

Gwin, P.J. and

Wise, John, J. concur.