[Cite as *State v. Hall*, 2011-Ohio-272.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2010-CA-00081 |
| JON HENRY HALL, JR. | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING: Criminal appeal from the Canton Municipal
Court, Case No. 2009CRB04926

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: January 24, 2011

APPEARANCES:

For Plaintiff-Appellee

JOSEPH MARTUCCIO
CANTON LAW DIRECTOR
TYRONE D. HAURITZ
CANTON CITY PROSECUTOR
KATIE ERCHICK
ASSISTANT PROSECUTOR
218 Cleveland Ave. S.W.
Canton, OH 44701-4218

For Defendant-Appellant

RODNEY A. BACA
SCHNARS, BACA & INFANTINO, LLC
200 W. Tuscrawas ST.
610 Market Avenue North
Canton, OH 44702

*Gwin, P.J.*

{¶1} Defendant-appellant Jon Henry Hall, Jr. appeals his conviction and sentence in the Canton Municipal Court, Stark County, Ohio for one count of falsification in violation of R.C. 2921.13, a first-degree misdemeanor. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE CASE AND FACTS

{¶2} Officer Shackle and Officer Gillilan of the Canton Police Department first encountered appellant at 2:39 p.m. on October 4, 2009. During this encounter, Officer Shackle advised appellant that his vehicle's registration sticker was expired. Appellant told Officer Shackle that someone must have removed his registration sticker. Officer Shackle again advised appellant that LEADS indicated that appellant's registration had been expired since March 2009 and that a new registration sticker had not been purchased.

{¶3} At 3:33 p.m., appellant called 911 to report that his registration sticker had been stolen from his license plate. Although a different officer was dispatched, Officer Shackle and Officer Gillilan respond to the call, and again encounter appellant. Appellant stated that he was going to have another officer make a report and run his license plate. Appellant testified that he thought Officer Shackle was mistaken. Officer Shackle and Officer Gillilan advised appellant that he knew his registration sticker had not been stolen and instead was expired. The officers advised appellant that he was under arrest for falsification. Appellant did not allow the officers to handcuff him and a struggle ensued. Appellant was subsequently charged with Resisting Arrest.

{¶4} On January 7, 2010, appellant filed a motion for evaluation to determine his competency to stand trial and sanity at the time of the offense. A hearing was on appellant's motion on February 8, 2010; however, the Court Reporter discovered that the hearing was not recorded. The Court filed a Judgment Entry stating that appellant was evaluated by Dr. Robert Devies and was found competent to stand trial.

{¶5} On March 4, 2010, appellant was found guilty of falsification and not guilty of resisting arrest after a trial by jury. Appellant was sentenced to 180 days in jail, with all but sixteen (16) of those days suspended. Appellant was given credit for one (1) jail day previously served. Appellant was placed on probation for two years, ordered to pay court costs, and ordered to complete 100 hours of community service.

{¶6} Appellant timely appealed and raises the following assignment of error for our consideration:

{¶7} "I. THE EVIDENCE IS INSUFFICIENT TO SUSTAIN THE CONVICTION AND THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF EVIDENCE."

I.

{¶8} In his sole assignment of error appellant maintains that his conviction is against the manifest weight of the evidence and was not supported by sufficient evidence. We disagree.

{¶9} Our standard of reviewing a claim a verdict was not supported by sufficient evidence is to examine the evidence presented at trial to determine whether the evidence, if believed, would convince the average mind of the accused's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the

essential elements of the crime proven beyond a reasonable doubt, *State v. Jenks* (1991), 61 Ohio St. 3d 259, 574 N.E.2d 492, superseded by State constitutional amendment on other grounds as stated in *State v. Smith* (1997), 80 Ohio St.3d 89, 684 N.E.2d 668..

**{¶10}** The Supreme Court has explained the distinction between claims of sufficiency of the evidence and manifest weight.  Sufficiency of the evidence is a question for the trial court to determine whether the State has met its burden to produce evidence on each element of the crime charged, sufficient for the matter to be submitted to the jury.

**{¶11}** Manifest weight of the evidence claims concern the amount of evidence offered in support of one side of the case, and is a jury question.  We must determine whether the jury, in interpreting the facts, so lost its way that its verdict results in a manifest miscarriage of justice, *State v. Thompkins* (1997), 78 Ohio St. 3d 387, 678 N.E.2d 541, 1997-Ohio-52, superseded by constitutional amendment on other grounds as stated by *State v. Smith,* 80 Ohio St.3d 89, 1997-Ohio-355, 684 N.E.2d 668.  On review for manifest weight, a reviewing court is "to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed.  The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." *State v. Thompkins*, supra, 78 Ohio St.3d at 387, citing *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717.  Because the trier of fact is in a better position to

observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, syllabus 1.

**{¶12}** In *Thompkins*, the Ohio Supreme Court held "[t]o reverse a judgment of a trial court on the basis that the judgment is not sustained by sufficient evidence, only a concurring majority of a panel of a court of appeals reviewing the judgment is necessary." Id. at paragraph three of the syllabus. However, to "reverse a judgment of a trial court on the weight of the evidence, when the judgment results from a trial by jury, a unanimous concurrence of all three judges on the court of appeals panel reviewing the case is required." Id. at paragraph four of the syllabus; *State v. Miller* (2002), 96 Ohio St.3d 384, 2002-Ohio-4931 at ¶38, 775 N.E.2d 498

**{¶13}** Employing the above standard, we believe that the state presented sufficient evidence from which a jury could conclude, beyond a reasonable doubt, that appellant committed the offense of falsification.

**{¶14}** Appellant was convicted of falsification in violation of R.C. 2921.13(A)(3), which states, "No person shall knowingly make a false statement or knowingly swear or affirm the truth of a false statement previously made when the statement is made with purpose to mislead a public official in performing the public official's official function."

**{¶15}** As stated by the Ohio Supreme Court, "complete and honest cooperation with the law enforcement process by all citizens is essential to the effective operation of the justice system." *State v. Lazzaro* (1996), 76 Ohio St. 3d 261, 667 N.E. 2d 384, quoting *Columbus v. New* (1982), 1 Ohio St.3d 221, 227, 438 N.E.2d 1155. Accord, *State v. Miller*, Licking App. No. 01 CA 79, 2002-Ohio-2465.

**{¶16}** In the case at bar, the jury heard testimony that earlier in the day Officer Shackle advised appellant that his vehicle's registration sticker was expired. Appellant informed the officer "somebody must have taken it off there." (1T. at 57). Officer Shackle advised appellant at that time that a computer check of appellant's license plate indicated that appellant's registration had been expired since March 2009 and that a new registration sticker had not been purchased. (Id.). Officer Shankle continued, "It – when you purchase your [registration] sticker, it immediately goes into the computer as the sticker was purchased. So even if you buy your sticker and don't put it on your [license] plate, your plate will still expire in 2010, or the next year coming. (1T. at 57-58). After this conversation, appellant called 911 to report that his registration sticker had been stolen from his license plate.

**{¶17}** Viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime of falsification proven beyond a reasonable doubt. We hold, therefore, that the state met its burden of production regarding each element of the crime and, accordingly, there was sufficient evidence to support appellant's conviction.

**{¶18}** "A fundamental premise of our criminal trial system is that 'the jury is the lie detector.' *United States v. Barnard*, 490 F.2d 907, 912 (C.A.9 1973) (emphasis added), cert. denied, 416 U.S. 959, 94 S.Ct. 1976, 40 L.Ed.2d 310 (1974). Determining the weight and credibility of witness testimony, therefore, has long been held to be the 'part of every case [that] belongs to the jury, who are presumed to be fitted for it by their natural intelligence and their practical knowledge of men and the ways of men.' *Aetna*

*Life Ins. Co. v. Ward*, 140 U.S. 76, 88, 11 S.Ct. 720, 724-725, 35 L.Ed. 371 (1891)".
*United States v. Scheffer* (1997), 523 U.S. 303, 313, 118 S.Ct. 1261, 1266-1267.

**{¶19}** Appellant cross-examined the witnesses and testified himself that his statements to the 911 dispatcher were not intended to mislead, hamper or impede an investigation of a crime. Appellant further argued that his intent was to inquire into what he thought to be a stolen registration sticker. However, the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. "It is the minds of the jurors and not the minds of the judges of an appellate court that are to be convinced." *State v. Petro* (1947), 148 Ohio St. 473, 501, 36 O.O. 152, 163, 76 N.E.2d 355, 369; *State v. Jamison*, 49 Ohio St.3d 182, 191, 552 N.E.2d 180, 189. The jury was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility. "While the jury may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence". *State v. McDaniel*, Franklin App. No. 06 AP-44, 2006-Ohio-5298 at ¶16. (Citing *State v. Craig* (Mar. 23, 2000), Franklin App. No. 99AP-739 and *State v. Nivens* (May 28, 1996), Franklin App. No. 95APA09-1236). Indeed, the jurors need not believe all of a witness' testimony, but may accept only portions of it as true. *State v. Antill* (1964), 176 Ohio St. 61, 67, 197 N.E.2d 548; *State v. James*, Stark App. No. 2005-CA-0076, 2006-Ohio-271 at ¶33. Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence. *State v. Jenks,* supra; *State v. Serafini*, Stark App. No. 2005-CA-00135, 2006-Ohio-1187 at ¶68.

**{¶20}** After reviewing the evidence, we cannot say that this is one of the exceptional cases where the evidence weighs heavily against the convictions. The jury did not create a manifest injustice by concluding that appellant was guilty of the crime of falsification as charged in the case at bar.

**{¶21}** Accordingly, appellant's conviction for falsification was not against the manifest weight of the evidence.

**{¶22}** Appellant's sole assignment of error is overruled.

**{¶23}** For the foregoing reasons, the judgment of the Canton Municipal Court, Stark County, Ohio, is affirmed.

By Gwin, P.J.,

Farmer, J., and

Wise, J., concur

_____

HON. W. SCOTT GWIN

_____

HON. SHEILA G. FARMER

_____

HON. JOHN W. WISE

WSG:clw 0112

[Cite as *State v. Hall*, 2011-Ohio-272.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JON HENRY HALL,JR. | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2010-CA-00081 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court, Stark County, Ohio, is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. JOHN W. WISE