[Cite as *State v. Stewart*, 2026-Ohio-251.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 2025CA00026 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Stark County Court of Common Pleas, Case No. 2024-CR-1901 |
| EUGENE STEWART, | |
| Defendant - Appellant | Judgment: Affirmed |
| | Date of Judgment Entry: January 27, 2026 |

**BEFORE:** Craig R. Baldwin; Robert G. Montgomery; Kevin W. Popham, Judges

**APPEARANCES:** KYLE L. STONE, Prosecuting Attorney, VICKI L. DESANTIS, Assistant Prosecuting Attorney, for Plaintiff-Appellee; D. COLEMAN BOND, for Defendant-Appellant.

*Baldwin, P.J.*

{¶1}   The appellant, Eugene Stewart, appeals his conviction on one count of domestic violence. For the reasons set forth below, we affirm the decision of the trial court.

**STATEMENT OF FACTS AND THE CASE**

{¶2}   On August 25, 2024, victim L.H. went to connect with her boyfriend at the apartment of witness T.C. When she arrived, the appellant snatched her car key out of the ignition, causing it to break. L.H. then went with the appellant inside T.C.'s apartment.

{¶3}   Once in the apartment, the appellant sat on the bed with T.C. while L.H. sat in a chair across from them. The appellant became upset with L.H. because she arrived at the apartment without the marijuana he had asked her to bring, and wanted her to

leave. However, because her car key broke when the appellant took it from her ignition, she was unable to do so. The appellant punched L.H. in the face while she was sitting in the chair, knocking her backwards. L.H. tried to get up, but the appellant choked her until she passed out and defecated on herself. L.H. came to, grabbed a couple items in the apartment and threw them at the appellant, and ran into the bathroom to clean herself up.

{¶4} Once she cleaned up, L.H. left the apartment. She tried to get assistance from a neighbor, to no avail. Law enforcement officers arrived approximately five minutes later. L.H. told officers at the scene that she did not know who attacked her, but once at the hospital told officers what had actually happened. L.H. received stiches inside her upper lip.

{¶5} The appellant was subsequently indicted on the following charges:

- Count I: Strangulation in violation of R.C. 2903.18(B)(1)(C)(1), a felony of the second degree;

- Count II: Strangulation in violation of R.C. 2903.18(B)(3)(C)(3), a felony of the third degree; and,

- Count III: Domestic Violence in violation of R.C. 2919.25(A)(D)(4), a felony of the third degree.

The Count III, Domestic Violence charge was a felony of the third degree because the appellant had been previously convicted of domestic violence in at least two separate cases; L.H. was the victim in one of said cases. The appellant pleaded not guilty to all charges at his October 25, 2024, arraignment, and the matter proceeded to a jury trial on February 3, 2025.

**{¶6}** The trial proceeded as scheduled. The appellee presented testimony from victim L.H., witness T.C., Jackson Township Police Officer Jacob McGrath, Jackson Township Police Officer Brian Ayers, and BCI Forensic Scientist Sam Troyer. The appellant stipulated to the fact that he had been convicted of domestic violence on two prior occasions, one as recent as 2024 in which L.H. was the victim; however, in this case he disputed that he and L.H. had cohabitated within the preceding five years. As a result, the appellee sought to introduce evidence of the prior 2024 domestic violence conviction, in which L.H. was the victim, in order to prove that she and the appellant were cohabitants in this case. Because evidence of the 2024 cohabitation went to an element in the within case, the trial court allowed evidence of the prior 2024 conviction, but gave the jury a limiting instruction.

**{¶7}** The appellant made a Crim.R. 29 Motion for Acquittal at the close of the appellee's case, which was denied. The appellant testified, then rested. The trial court instructed the jury, including the following additional limiting instruction:

> The prosecution is required to prove beyond a reasonable doubt that the Defendant has pleaded guilty to or has been convicted of two prior offenses of domestic violence. The fact that the Defendant has been convicted of prior domestic violence offenses may not be considered for any other purpose. The Court instructs you that the evidence regarding the prior convictions are [sic] being presented because the prior convictions are an element of the offense charged. The prior convictions will be considered by the jurors only if the jury's verdict on the current charge is guilty. The evidence was not received, and you may not consider it, to prove the

character of the Defendant in order to show that he acted in conformity with such character.

If you find the Defendant not guilty of domestic violence, you will not consider this issue.

The parties thereafter made their closing arguments, and the jury retired for deliberations.

**{¶8}** The jury returned a verdict finding the appellant not guilty on Counts I and II, strangulation; the jury found the appellant guilty on Count III, domestic violence. A sentencing hearing was scheduled for February 7, 2025, at which time the appellant was sentenced to a prison term of thirty months. The appellant filed a timely appeal in which he sets forth the following four assignments of error:

**{¶9}** "I. THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S CRIMINAL RULE 29 MOTION FOR ACQUITTAL BECAUSE THE STATE FAILED TO PRODUCE SUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION AGAINST THE APPELLANT FOR THE OFFENSE OF DOMESTIC VIOLENCE IN VIOLATION OF R.C. 2919.25."

**{¶10}** "II. THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION AGAINST APPELLANT, AND THE CONVICTION MUST BE REVERSED."

**{¶11}** "III. THE APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED, AND MUST BE REVERSED."

**{¶12}** "IV. THE TRIAL COURT DENIED APPELLANT A FAIR TRIAL AND DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES AS WELL AS ARTICLE I, SECTION

10 OF THE OHIO CONSTITUION [sic] BY ALLOWING THE STATE TO PRESENT TESTIMONY AS TO THE DETAILS OF HIS PRIOR CONVICTIONS OF DOMESTIC VIOLENCE WHEN APPELLANT STIPULATE [sic] TO THE PRIOR CONVICTIONS."

**ASSIGNMENTS OF ERROR NUMBERS I, II, AND III**

{¶13} The appellant argues in assignments of error numbers one, two, and three that the trial court erred in denying his Crim.R. 29 Motion for Acquittal due insufficient evidence, that the jury's verdict is not based upon sufficient evidence, and that the jury's verdict is against the manifest weight of the evidence. We disagree.

***Standard Of Review***

{¶14} Assignments of error numbers one and two both challenge the sufficiency of the evidence, while assignment of error number three challenges the manifest weight of the evidence. Sufficiency of the evidence was addressed by the Ohio Supreme Court in *State v. Worley,* 2021-Ohio-2207, as follows:

> The test for sufficiency of the evidence is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, *superseded by constitutional amendment on other grounds as stated in State v. Smith*, 80 Ohio St.3d 89, 102, 684 N.E.2d 668 (1997), fn. 4, and following *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). " 'Proof beyond a reasonable doubt' is proof of such character that an ordinary person would be willing to rely and act upon it in the most important of the person's own

affairs." R.C. 2901.05(E). A sufficiency-of-the-evidence challenge asks whether the evidence adduced at trial "is legally sufficient to support the jury verdict as a matter of law." *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶ 219.

*Id.* at ¶57. Thus, a review of the constitutional sufficiency of evidence to support a criminal conviction requires a court of appeals to determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

{¶15} Manifest weight of the evidence, on the other hand, addresses the evidence's effect of inducing belief. *State v. Thompkins,* 78 Ohio St.3d 380, 386–387 (1997), *superseded by constitutional amendment on other grounds as stated by State v. Smith,* 1997–Ohio–355. The *Thompkins* Court stated:

Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its *effect in inducing belief.*" (Emphasis added.) Black's, *supra,* at 1594.

*Id.* at 387. The Court stated further:

When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate

court sits as a " 'thirteenth juror' " and disagrees with the factfinder's resolution of the conflicting testimony. *Tibbs,* 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661. See, also, *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720–721 ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").

*Id.*

{¶16} In addition, the Court stated in *Seasons Coal Co., Inc. v. Cleveland,* 10 Ohio St.3d 77 (1984):

"* * * [I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts. * * *

"If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment."

*Id.* at 80, fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 603, at 191–192 (1978).

### *Analysis*

**{¶17}** Although sufficiency of the evidence and manifest weight entail different legal concepts, both entail a review of the record, and as such we shall address the appellant's assignments of error numbers one, two, and three together.

**{¶18}** R.C. 2919.25 addresses the crime of domestic violence, and states in pertinent part:

(A)     No person shall knowingly cause or attempt to cause physical harm to a family or household member.

*             *             *

(D) (1) Whoever violates this section is guilty of domestic violence, and the court shall sentence the offender as provided in divisions (D)(2) to (6) of this section.

*             *             *

(4) If the offender previously has pleaded guilty to or been convicted of two or more offenses of domestic violence or two or more violations or offenses of the type described in division (D)(3) of this section involving a person who was a family or household member at the time of the violations or offenses, a violation of division (A) or (B) of this section is a felony of the third degree, and there is a presumption for a prison term for the offense , and a violation of division (C) of this section is a misdemeanor of the first degree. If the offender previously has pleaded guilty to or been convicted of two or more

offenses of domestic violence or two or more violations or offenses of the type described in division (D)(3) of this section involving a person who was a family or household member at the time of the violations or offenses, and the offender knew that the victim of the violation was pregnant at the time of the violation, a violation of division (A) or (B) of this section is a felony of the third degree, and the court shall impose a mandatory prison term on the offender pursuant to division (D)(6) of this section.

*    *    *

(F) As used in this section and sections 2919.251 and 2919.26 of the Revised Code:

(1) "Family or household member" means any of the following:

(a)Any of the following who is residing or has resided with the offender:

(i) A spouse, a person living as a spouse, or a former spouse of the offender;

*    *    *

(2) "Person living as a spouse" means a person who is living or has lived with the offender in a common law marital relationship, who otherwise is cohabiting with the offender, or who otherwise has cohabited with the offender within five years prior to the date of the alleged commission of the act in question.

The appellant does not challenge the element of physical harm in his domestic violence conviction; instead he argues that there was insufficient evidence to prove that he and L.H. were family or household members, and therefore "persons living as spouses."

{¶19} The issues of persons living as spouses and cohabitation were addressed by this Court in *State v. Stoneking*, 2021-Ohio-1307 (5th Dist.):

Appellant contends the evidence did not support a finding Gheen was a "[p]erson living as a spouse" as defined by R.C. 2919.25(F)(2). Appellant further asserts the state failed to establish the essential elements of "cohabitation" as set forth in *State v. Williams*, 79 Ohio St.3d 459, 1997-Ohio-79, 683 N.E.2d 1126 (1997), to wit: "(1) sharing of familial or financial responsibilities and (2) consortium." *Id.* at 465.

*Williams* involved a defendant and victim who "were going together," but maintained separate residences. *Id.* at 460. In *State v. McGlothan*, 138 Ohio St.3d 146, 2014-Ohio-85, 4 N.E.3d 1021, the Supreme Court clarified *Williams* as strictly applying "when the victim and the defendant do *not* share the same residence[.]" *Id.* at ¶ 13 (Emphasis in original). The Supreme Court of Ohio further emphasized the domestic violence statute was enacted because the General Assembly "believed that an assault involving a family or household member deserves further protection than an assault on a stranger." *Id.* at ¶ 17, quoting *Williams* at 463, 683 N.E.2d 1126.

"The burden of [production for] establishing cohabitation is not substantial." *State v. Long*, 9th Dist. Summit No. 25249, 2011-Ohio-1050, ¶ 6, quoting *Dyke v. Price*, 2d Dist. Montgomery No. 18060, 2000 Ohio App.

LEXIS 4856, 2000 WL 1546555 at *3. Reviewing courts "should be guided by common sense and ordinary human experience." *Id.* (Citation omitted). "[I]t is a person's determination to share some measure of life's responsibilities with another that creates cohabitation." *State v. Carswell*, 114 Ohio St. 3d 210, 871 N.E.2d 547, 2007-Ohio-3723, at ¶ 35.

*Id.* at ¶25-27. Furthermore, "[t]he testimony of one witness, if believed by the jury, is enough to support a conviction. *State v. Barnett*, 2019-Ohio-3944, ¶¶ 45-46 (5th Dist.)." *State v. Kirkman*, 2024-Ohio-5276, ¶42 (5th Dist.).

**{¶20}** L.H. testified that that she and the appellant had cohabited for at least six months and "within five years prior to" the within offense. In addition, Officer McGrath testified that L.H. told him that "they stayed on and off together for a few months, yes." This testimony is supported by Officer McGrath's body cam video, part of which was played for the jury. L.H. further testified that the appellant ate her food and kept his clothes at her house. She described herself as his girlfriend, and gave him rides back and forth to work. L.H. testified that she was in a relationship with the appellant for about six months, and had resided with him during some periods of their relationship, including within the last five years. She testified that even though she was trying to see other people, she was the appellant's girlfriend at the time of the incident.

**{¶21}** As set forth by this Court in *State v. Hall*, 2011-Ohio-272 (5th Dist.):

"A fundamental premise of our criminal trial system is that 'the jury is the lie detector.' *United States v. Barnard*, 490 F.2d 907, 912 (C.A.9 1973) (emphasis added), cert. denied, 416 U.S. 959, 94 S. Ct. 1976, 40 L. Ed. 2d 310 (1974). Determining the weight and credibility of witness testimony,

therefore, has long been held to be the 'part of every case [that] belongs to the jury, who are presumed to be fitted for it by their natural intelligence and their practical knowledge of men and the ways of men.' *Aetna Life Ins. Co. v. Ward*, 140 U.S. 76, 88, 11 S.Ct. 720, 724-725, 35 L.Ed. 371 (1891)". *United States v. Scheffer* (1997), 523 U.S. 303, 313, 118 S.Ct. 1261, 1266-1267, 140 L. Ed. 2d 413.

Appellant cross-examined the witnesses and testified himself that his statements to the 911 dispatcher were not intended to mislead, hamper or impede an investigation of a crime. Appellant further argued that his intent was to inquire into what he thought to be a stolen registration sticker. However, the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. "It is the minds of the jurors [**9] and not the minds of the judges of an appellate court that are to be convinced." *State v. Petro* (1947), 148 Ohio St. 473, 501, 36 O.O. 152, 163, 76 N.E.2d 355, 369; *State v. Jamison*, 49 Ohio St.3d 182, 191, 552 N.E.2d 180, 189. The jury was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility. "While the jury may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence". *State v. McDaniel*, Franklin App. No. 06 AP-44, 2006 Ohio 5298 at ¶16. (Citing *State v. Craig* (Mar. 23, 2000), Franklin App. No. 99AP-739, 2000 Ohio App. LEXIS 1138 and *State v. Nivens* (May 28, 1996), Franklin App. No.

95APA09-1236, 1996 Ohio App. LEXIS 2245). Indeed, the jurors need not believe all of a witness' testimony, but may accept only portions of it as true. *State v. Antill* (1964), 176 Ohio St. 61, 67, 197 N.E.2d 548; *State v. James*, Stark App. No. 2005-CA-0076, 2006 Ohio 271 at ¶33. Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence. *State v. Jenks*, supra; *State v. Serafini*, Stark App. No. 2005-CA-00135, 2006 Ohio 1187 at ¶68.

*Id.* at ¶18-19. L.H. testified regarding her relationship with the appellant, her status as his girlfriend, and the fact that they cohabitated within the five years preceding the incident. The appellant cross-examined L.H., and testified himself regarding the nature of their relationship. Furthermore, the appellant had been convicted of domestic violence in an earlier 2024 case in which L.H. was the victim. The jury believed L.H.'s testimony regarding her cohabitation with the appellant, and we will not override the jury's determination in this regard. We cannot say, after viewing the evidence in the light most favorable to the prosecution, that no rational trier of fact could have found the essential elements of domestic violence beyond a reasonable doubt. Nor can we say that the jury clearly lost its way and created such a manifest miscarriage of justice that the appellant's conviction must be reversed and a new trial ordered. The appellant's assignments of error numbers one, two, and three are, therefore, without merit.

## ASSIGNMENT OF ERROR NO. IV

**{¶22}** The appellant argues in his fourth assignment of error that the trial court erred in allowing the admission of evidence regarding his prior domestic violence convictions. We disagree.

### *Standard Of Review*

**{¶23}** The decision regarding whether to admit evidence at trial is within the sound discretion of the trial court:

> "Ordinarily, a trial court is vested with broad discretion in determining the admissibility of evidence in any particular case, so long as such discretion is exercised in line with the rule of procedure and evidence." *Rigby v. Lake Cty*, 58 Ohio St.3d 269, 271 (1991). The appellate court must limit its review of the trial court's admission or exclusion of evidence to whether the trial court abused its discretion. *Id.* The abuse of discretion standard is more than an error of judgment; it implies the court ruled arbitrarily, unreasonably, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983).

*State v. Edwards*, 2021-Ohio-1917, (5th Dist.), at ¶34.

### *Analysis*

**{¶24}** The appellant submits that the trial court erred when it allowed the admission of evidence of his prior domestic violence convictions when he stipulated to them. He argues that the trial court denied him a fair trial and due process of law when it permitted the appellee to present testimony regarding the details of appellant's prior

conviction of domestic violence, and that the trial court should not have allowed the appellee to present evidence that L.H. was the victim of one of the appellant's prior domestic violence offenses, arguing that such evidence is prohibited by Evid.R. 403 and 404(B). We disagree.

{¶25} The appellant challenged, and continues to challenge, the fact that he and L.H. cohabitated within the five years prior to the August 25, 2024, incident. Evidence of the appellant's earlier 2024 domestic violence conviction, in which L.H. was also the victim, was submitted in this case for the limited purpose of establishing that L.H. and the appellant were in fact family and household members, and therefore "persons living as spouses" at the time of the August 25, 2024, incident giving rise to this case.

{¶26} During trial, after the appellant's cross-examination of L.H., the appellee requested permission to bring up the fact that the victim in the appellant's prior 2024 domestic violence case was the same victim as in the within case. The trial court allowed this testimony, which was brief and not "detailed" as argued by the appellant, over the defense objection, stating: "Well in this case, the Court finds that any prejudice is outweighed by the fact that that conviction is serving as an element of the offenses." In response to the appellant's further objection, the trial court stated:

> Yes. We have discussed that. I do believe there's a distinction between the cases that you did cite and the issue that's before this Court so the Court is not allowing that prior conviction, not allowing anything other than she was the family or household member of the domestic violence. I'm not allowing what happened. We are not having a trial within a trial. Its sole

purpose is to establish the relationship and not to show that he acted in conformance therewith.

The appellee then asked L.H., "[appellant] was convicted of domestic violence in case 2024CR0893 where you were the victim; is that correct?" L.H. responded "correct." No further discussion was had. The trial court immediately told the jury:

> For the purpose of this testimony, the Court is going to instruct the jury that that evidence was received solely for the purpose of establishing a relationship between [the appellant] and [L.H.] You are not to consider it for any other purpose nor are you to consider it as the [appellant] having acted in conformance with a prior act.

During cross-examination of the appellant, the appellee asked the appellant if L.H. was the same victim of domestic violence that he pled guilty to on August 2, 2024, and he admitted, "Oh, yes. Yes, ma'am." After both parties rested, the trial court provided the jury with an additional limiting instruction.

**{¶27}** This Court addressed the issue in the OVI context in *State v. Whitman*, 2019-Ohio-2307 (5th Dist.), stating "[w]e have therefore previously found that a trial court did not err in allowing appellee to present evidence of a defendant's prior conviction 'as such was an element of the offense for which the State bears the burden of proof.' " *Id.* at ¶31. The *Whitman* Court held:

> We find no error in admission of the prior convictions, and appellant makes only a nebulous claim of prejudice, arguing that the mere mention of a prior conviction will lead a jury to convict. As appellant concedes, the trial court gave a limiting jury instruction stating that evidence of the prior

convictions was admitted "for the sole and limited purposes" of proving appellant had prior O.V.I. convictions within 20 years and could not be used to determine whether he was operating a vehicle under the influence in the instant case. (T. 119-120). The jury is presumed to follow the instructions of the trial court. *Pang v. Minch*, 53 Ohio St.3d 186, 187, 559 N.E.2d 1313 (1990), paragraph four of the syllabus. Appellant has not pointed to any evidence in the record that the jury failed to do so in this case.

*Id.* at ¶37. So, too, has the appellant herein failed to point to any evidence in the record that the jury failed to follow the limiting instructions provided by the trial court, or to anything more than a nebulous claim of prejudice. The appellant's fourth assignment of error is, therefore, without merit.

**CONCLUSION**

**{¶28}** Based upon the foregoing, the appellant's assignments of error numbers I, II, III, and IV are overruled, and the judgment of the Stark County Court of Common Pleas is hereby affirmed.

**{¶29}** Costs to appellant.


By: Baldwin, P.J.

Montgomery, J. and

Popham, J. concur.